IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUN NATIONAL BANK, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 11-432 |
| RAPID CIRCUITS, INC. and UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

HON. GENE E.K. PRATTER  MAY 19, 2011
U.S. DISTRICT COURT JUDGE

**Introduction**

This mortgage foreclosure action, filed by Plaintiff Sun National Bank ("Sun") in the Bucks County Court of Common Pleas, was removed by Defendant Rapid Circuits, Inc. ("Rapid Circuits") immediately after Rapid Circuits filed its Answer with New Matter and Counterclaims. These parties presently have multiple lawsuits before this Court, to wit, Civil Actions Nos. 10-5480, 10-5481, and 10-6401. As it did in the 10-5480 and 10-5481 actions, Rapid Circuits here filed as counterclaims in this matter, Civil Action No. 11-432, the allegations oful its Amended Complaint from the 10-6401 action. These counterclaims include allegations against both Sun and its attorneys, Deeb, Petrakis, Blum & Murphy and a partner of that law firm, Inez Markovich (collectively, "Attorneys"), that relate to actions the Attorneys and Sun took in August 2010, after Rapid Circuits defaulted on various loan obligations arguably owed to Sun.

The Attorneys and Sun moved to dismiss the counterclaims, both for the reasons

identified in their briefing regarding the Amended Complaint in the 10-6401 matter, and for reasons specific to this mortgage foreclosure action. Sun has also moved to strike certain paragraphs of the New Matter.

**Discussion**

As acknowledged by all parties, the counterclaims asserted in this matter are identical to the claims asserted in the Amended Complaint in <u>Rapid Circuits, et al. v. Sun National, et al.</u>, Civil Action No. 10-6401. Consequently, the parties incorporated their arguments from the 10-6401 matter. Likewise, the Court's disposition of the Motions to Dismiss the Counterclaims is the same as its disposition of the claims in the 10-6401 matter.[1] Accordingly, only state law counterclaims – for Defamation, Intentional Interference with Contractual Relations, and Conversion – remain.[2]

In addition to incorporating their prior arguments, the Attorneys and Sun (the "Counterclaim Defendants") argue that in the instant mortgage foreclosure action Rapid Circuits may only plead counterclaims that are "part of or incident to the creation of the Mortgage" and may *not* plead counterclaims "based on alleged misconduct on the part of [the Counterclaim Defendants] that allegedly took place after the creation of the Mortgage." The Counterclaim Defendants rely upon Pennsylvania law for this proposition. Rapid Circuits, in contrast,

---

[1] Notably, Counts I, II, III, V, VI, VII, VIII, X, and XI of the counterclaims are dismissed and Counts II, IV, and IX of the counterclaims survive dismissal for the reasons discussed in the May 3, 2011 Memorandum filed in the 10-6401 matter. See <u>Rapid Circuits, Inc. v. Sun Nat'l Bank, et al.</u>, No. 10-6401, 2011 WL 1666919 (E.D. Pa. May 3, 2011).

[2] The extensive history and litany of claims in this litigation has been recounted in great detail in the Court's decision referenced in fn 1, *supra*. Once is enough for any single month.

maintains that federal law applies and that its counterclaims are properly before this Court because these counterclaims relate to the mortgages that form the basis of the foreclosure action. Rapid Circuits further contends that, even if Pennsylvania law applies, its counterclaims arise out of the same transaction or occurrence and that, accordingly, they are appropriately pled.

While, under Pennsylvania law, a "defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose," Pa. R. Civ. P. 1148, this rule is interpreted narrowly in the specific context of mortgage foreclosure actions. See, e.g., Federal Land Bank of Baltimore v. Fetner, 410 A.2d 344 (Pa. Super. Ct. 1979) (stating that counterclaims in a mortgage foreclosure action must have been a part of or incident to the creation of the mortgage itself, and that such a requirement is to be read narrowly). Federal courts in Pennsylvania have applied this rule to preclude the assertion of counterclaims in mortgage foreclosure actions in federal court where those counterclaims do not fall within the narrow bounds established by state courts interpreting Rule 1148. E.g., Wilmington Savings Fund Society, FSB v. Hunt, No. 06-1945. 2006 WL 3053366 (E.D. Pa. Oct. 23, 2006); Mortgage Electronic Registration Systems, Inc. v. Alicea, No. 05-2165, 2006 WL 1149236 (M.D. Pa. Apr. 26, 2006); Sumitomo Trust & Banking Co. v. Washington Square Ltd. Partnership, 1996 WL 72585 (E.D. Pa. Feb. 16, 1996); see also Mellon Bank, N.A. v. Pasqualis-Politi, 800 F. Supp. 1297 (W.D. Pa. 1992).

Relying on TPO Incorporated v. Federal Deposit Insurance Corp., 487 F.2d 131 (3d Cir. 1973), Rapid Circuits urges the Court to eschew this line of cases, and instead analyze its counterclaims pursuant to Federal Rule of Civil Procedure 13. In the TPO decision, the Third Circuit Court of Appeals opined that state rules that bar the assertion of a counterclaim become

3

inoperable once a matter is removed to federal court and is subject to the Federal Rules of Civil Procedure. Id. at 133. Rapid Circuits boldly states that the myriad of prior applications of Pennsylvania's Rule 1148 to counterclaims in mortgage foreclosure actions in this Circuit are contrary to "Federal Rule of Civil Procedure 81(c), binding precedent of the Third Circuit, and decisions issued by the United States Supreme Court." Counterclaim Defendants do not provide contrary analysis of binding precedent regarding the impact of TPO on the consideration of choosing which procedural rule applies. In the absence of authority dictating another result, this Court will analyze the asserted counterclaims pursuant to Federal Rule of Civil Procedure 13.[3]

As noted above, the counterclaims that survive dismissal are those for Intentional Interference with Current Contractual Relations, Conversion, and Defamation. Rapid Circuits has alleged in its counterclaims that the Counterclaim Defendants, in sending a collection letter to a list of customers that may or may not have had outstanding accounts receivable, should be held liable for each of those torts. Rapid Circuits has also alleged that the Counterclaim Defendants unlawfully converted accounts receivable of the company and investment accounts of the company's owners.

Under federal law, the Court must determine whether these alleged actions "arise out of the transaction or occurrence that is the subject matter of [Sun National's] claim" such that Rapid Circuits asserts compulsory counterclaims under Fed. R. Civ. P. 13(a), or instead whether they

---

[3] The Court acknowledges the Counterclaim Defendants' argument that Rapid Circuits, by removing this case from the Court of Common Pleas of Bucks County immediately after having filed its Answer with New Matter, and Counterclaims, has functionally "gamed the system." However, given that the Counterclaim Defendants have not provided citation to persuasive, much less binding, authority that would permit the Court to apply state court rules, and because the Counterclaim Defendants did not object to removal in a timely manner, the Court abides by the case law of the Third Circuit Court of Appeals.

4

are permissive counterclaims that should be analyzed pursuant to Fed. R. Civ. P. 13(b). As described by the Third Circuit Court of Appeals:

> For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim "bears a logical relationship to an opposing party's claim." The concept of a "logical relationship" has been viewed liberally to promote judicial economy. Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts." Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. In short, the objective of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 389-90 (3d Cir. 2002). The four civil actions between the parties here all result from a financial relationship that failed. However, the factual and legal issues of the counterclaims against the Counterclaim Defendants relate to the actions taken by Counterclaim Defendants when they initiated collection actions and to whether these actions were privileged. The factual and legal issues of the Complaint in *this* action, by contrast, relate to, *inter alia*, the status of junior tax liens against Rapid Circuits and whether Sun National can seek a judicial sale of the Mortgaged Property. Notwithstanding Rapid Circuits' arguments to the contrary, the Court fails to see how the remaining counterclaims arise out of or relate to the subject matter of the instant suit such that they could or should be considered compulsory counterclaims.[4] See, e.g., Kimmel v. Calvary Portfolio Services, LLC, 747 F. Supp. 2d 427, 431-32 (E.D. Pa. 2010) (finding state law counterclaims for underlying debt to be permissive and not compulsory in Fair Debt Collection

---

[4] The Court notes that nothing about the decision to file the same counterclaims in three separate law suits involving the same parties serves the interests of judicial economy, at least "judicial economy" as conventionally considered.

Practices Act case).

Because the Court does not consider these counterclaims compulsory, the Court must determine whether they can be brought as permissive counterclaims pursuant to Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. Kimmel, 747 F. Supp. 2d at 432; see also Aldens, Inc. v. Packel, 524 F.2d 38 (3d Cir. 1975). Rapid Circuits is a Pennsylvania business corporation. See Am. Compl. ¶ 1, attached as Ex. 1 to Counterclaim, Doc. No. 1. The Attorneys' place of business is Philadelphia, Pennsylvania. Id. ¶¶ 11, 12. Sun National has an office address in New Jersey. Id. ¶ 9. As noted at the outset, the federal counterclaims have been dismissed from this action, and only three state law counterclaims remain. It appears, then, that the Court only has jurisdiction over these counterclaims if the parties are diverse. However, no party has briefed whether the Court has subject matter jurisdiction over permissive counterclaims, in particular whether such counterclaims can be asserted against apparently non-diverse Counterclaim Defendants. Pursuant to its obligation to raise, *sua sponte*, the issue of subject matter jurisdiction, the Court now expects supplemental briefing from the parties on this discrete issue. See U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (supporting the proposition that the Court has an obligation to raise, *sua sponte*, the issue of its subject matter jurisdiction); see also Liberty Mut. Ins. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

Sun also argues that certain paragraphs of the "New Matter" asserted by Rapid Circuits with its Answer should be stricken because they are merely a restatement of the counterclaims. Rapid Circuits argues that its affirmative defenses, "set forth as 'New Matter' in its answer to the complaint", are permissible because they relate to and arise from the mortgage relationship. Sun

6

does not provide argument as to whether or why the Court should strike these asserted affirmative defenses pursuant to Fed. R. of Civ. P. 12(f), and the Court at the present juncture does not see fit to strike any affirmative defenses on its own volition.[5]

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[5] Rather than respond to Rapid Circuits' arguments regarding the application of federal pleading standards for affirmative defenses, Sun instead opts to identify issues concerning the removal of this action from state court. Notwithstanding the potentially valid issues raised by Sun, the Court cannot consider Sun's arguments regarding the propriety of removal because 30 days have passed since Rapid Circuits removed this case. Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (stating "[a] district court does not have the statutory authority to remand a case because of a procedural defect . . . after section 1447(c)'s thirty-day limit expires.").